## IN RICHMOND SUPERIOR COURT, JUNE TERM, 1831.

### LUTHER ROLL *v.* EDWARD J. BLACK.

#### *Trover. Verdict for Defendant and motion for new trial.*

A. sold B. a carriage and harness, for which he gave him a bill of sale; the property was not delivered at the time of sale, but A. promised to deliver it, and in pursuance of his promise carried it to the river with a view to put it on a boat to be carried to Augusta and delivered to B.; which however was never done, nor his promise further complied with: B. called on him for the delivery of the property which A. refused: B. knew where the property was, and might have taken it when he pleased.

The jury having found the foregoing facts to be true, and

AT the trial, plaintiff offered a bill of sale under the hand and seal of defendant conveying to him the carriage and harness which are the subject of this suit. It was in proof that the carriage was not delivered by the defendant at the time of sale, but that he undertook and promised to deliver it; that in pursuance of such promise, he had it removed to Stone's landing on the Savannah River, with a view of placing it on a boat to be carried to Augusta where it was to be delivered to the plaintiff, which however was never done by him or his undertaking further complied with; that the plaintiff called upon the defendant, and demanded the delivery of the carriage, which he refused. There was proof that the plaintiff knew where the carriage was, and that he might have taken possession of it at any time he had chosen, no impediment whatever being interposed by the defendant.

Upon these facts a legal question arises upon which the case entirely depends. It is this. Does the conduct of the defendant, amount to either an actual or constructive conversion of the carriage to his own use? If it do, there is ample evidence to entitle the plaintiff to a recovery, and a new trial should be granted. A conversion is a wrong done, by which the wrong doer deprives another of his goods altogether, or for a time only. To maintain an action for this wrong, the plaintiff must first prove his title to the goods, which is done in this case by the bill of sale; and next the

conversion which may be done either directly and positively or presumptively; that is, he must prove an actual conversion, or those facts from which it may be presumed. It is essential to a conversion that there be some tortious act. A mere non-feasance is not sufficient. Bromley *v.* Coxwell, 2 B. & P. 488. In the case before us it is not pretended there was a tortious taking. The carriage was rightfully in defendant's possession who agreed to perfect the sale of it to the plaintiff, or rather, in pursuance of such sale to deliver it to him at Augusta. Nor is it pretended that there was an application of it to the use of the defendant in any manner whatever. But the plaintiff's counsel in argument considered the defendant as bailee of the carriage, from the time of the delivery of the bill of sale, and contended, that his removing of it to the landing and abandonment of it there was an actual conversion. If we consider the defendant as bailee of the carriage, his removal of it to the landing was in part performance of his undertaking to deliver it at Augusta and was in conformity with the object of the bailment and not contrary to it. The leaving it there was carelessness, or negligence, or at the worst, an abuse of the carriage, neither of which would amount to a conversion of it by him as bailee. 3 Starkie on Evidence, 1493. Reliance however, was chiefly placed upon the demand and refusal as presumptive evidence of a conversion. This presumption may be rebutted, and is not conclusive upon the defendant. *Stet presumptio donec probetur in contrarium.* And where it is apparent from other circumstances that there was no conversion, the evidence arising from a demand and refusal fails. 2 Mod. 245. In trover against a carrier, denial is no evidence of a conversion, if the thing appear to be really lost through negligence. It is different, however, if he have it in his custody and refuse to deliver it. Salk. 655. It is admitted the carriage was not in defendant's possession at the time of the refusal to deliver it, and though not lost, was negligently or wilfully left by him at the landing. For this negligence, abuse of the carriage and failure to deliver it, defendant may be made to respond to the plaintiff, but not in this form of action. It must be upon his contract, unless we entirely confound the forms of action, and break down the statutory rule of law that the allegations and proofs must agree. The jury were instructed to find for the plaintiff, if the proof showed any application of the carriage to the use of the defendant, or any disposition of it by him to purposes other than those which were the object of the bailment, considering him as bailee, or if at the demand the carriage were in his possession, and his refusal were a tortious resistance to the plaintiff's right to possess it. But if the refusal to deliver were but a violation of defendant's promise and undertaking, and they found no actual conversion, their verdict must be for the defendant.

RICHMOND,
June, 1831.

ROLL
*v.*
BLACK.

rendered a verdict for **A.**; The court refused to grant a new trial, holding that there was not such an actual or constructive conversion by **A.** as to enable **B.** to maintain *trover* against him.

RICHMOND,
June, 1831.

ROLL
v.
BLACK.

They found for the defendant, and though the justice of the case may be with the plaintiff on the merits, a different verdict could not have been rendered in this form of action without a violation of law. The motion is therefore refused.